Bochner PLLC
Thomas H. Stanton, Esq. (*pro hac vice* to be filed)
Paul Fraulo, Esq. (*pro hac vice* to be filed)
Joshua English, Esq. (*pro hac vice* to be filed)
Laura Harper (SBN 341123)
tstanton@bochner.law
1040 Ave. of the Americas, 15th Floor
New York, NY 10018
Telephone: 646-971-0685
*Plaintiff's Counsel*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| FBA OPERATING CO., <br><br> Plaintiff, <br><br> v. <br><br> RNG INTERNATIONAL, INC. D/B/A RENOGY, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff FBA Operating Co. ("FBA" or "Plaintiff") brings this Complaint against Defendant RNG International, Inc. D/B/A Renogy ("Renogy" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. Defendant has been and is now infringing FBA's rights in its U.S. Pat. No. 10,890,925 (the "'925 Patent" or "Asserted Patent") by manufacturing, using, selling, offering for sale, or importing a system and/or method for leveling vehicles using smart devices.

2. Despite FBA notifying, via a cease-and-desist letter, Defendant of its infringement of the '925 Patent at least as early as February 7, 2024, Defendant chose to ignore FBA and continue its campaign of profiting off of its infringement of FBA's '925 Patent. Accordingly, FBA has been left with no choice but to initiate the present action.

**THE PARTIES**

3. FBA Operating Co. is a corporation organized and existing under the laws of the State of North Carolina with a principal place of business located at 36 Rosscraggon Road, Suite D, Asheville, North Carolina 28803.

4. On information and belief, RNG International, Inc. D/B/A Renogy is a company organized and existing under the laws of the State of California with a principal place of business located at 5050 S Archibald Avenue, Ontario, California 91762.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 101, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant for at least the following reasons: (1) Defendant has and continues to commit acts of patent infringement and induces acts of patent infringement by others in this District; (2) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals and businesses in this District; (3) Defendant has its principal place of business in this District; and (4) Defendant has purposefully established systematic and continuous contacts with this District and should reasonably expect to be brought to Court here.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b). Upon information and belief, Defendant has a principal place of business in this District and Defendant has

committed acts of infringement in this District.

## FACTUAL BACKGROUND

8. A recreational vehicle ("RV"), or any vehicle, should be leveled in storage or in use for both practical and technical reasons. Practical reasons include a level floor, proper door swings, stove and sink use, as well as many others. Technical reasons include proper operation of an ammonia-based refrigerator, to ensure holding tanks are properly leveled to permit accurate detection by electronic means, and to ensure proper operation of the RV's plumbing systems.

9. However, many RVs do not possess any native leveling capabilities beyond raising and lowering of the front of the RV with manual or electric jacks. To ensure the RV is level, and without the benefit of the patented invention of the '925 Patent, the driver must exit the vehicle, then manually assess the RV's position in relation to the ground underneath to determine if the RV is out of level. While bubble levels may be attached to the side, front, and/or rear of an RV, the driver still must make an educated guess as to what adjustments are necessary to ensure that the RV is level with the ground underneath. Typically, this is done by trial and error, requiring the driver to make multiple attempts at raising the appropriate wheels the necessary amount to achieve a level position. It is not uncommon for this process to be repeated several times to achieve a level roll orientation. Importantly, this manual process is imprecise and prone to user error.

10. Further, if bubble levels are being used to determine the RV's level orientation, it is common knowledge that a bubble level has an error range of 2-3 degrees. This allows for a significant margin for error as it relates to RVs and can cause doors, plumbing and other objects and systems within the RV not to operate properly. This margin of error can cause significant and costly damage to the RV's various systems. As such, a need existed in the prior art for a system for easily and inexpensively leveling an RV that does require not many attempts to achieve a level balance of the RV in both the pitch and the roll directions in relation to the ground underneath the vehicle.

11. The leveling system described in the '925 Patent can include a sensor device secured to a vehicle to sense at least one of an inclination or an orientation of the vehicle in both a pitch direction and a roll directions. Also, the leveling system can include a smart device in communication with the sensor device to allow information received from the sensor device to be processed to provide

measurements to a user and to determine the amount of adjustments needed in height to at least one of the pitch direction or the roll direction to level the vehicle.

12. FBA's invention was disclosed in the '925 Patent.

13. FBA practices the claimed invention of the '925 Patent. FBA's patented invention enables users to adjust the level of a vehicle and adjust the vehicle's pitch and roll directions when a vehicle is parked on an uneven surface using information displayed on smart devices. For example, consumer related products can be found at Amazon.com, among other sites.

14. FBA is committed to continuing to derive revenue from its products which practice the '925 Patent, including by excluding others from infringing its rights in the '925 Patent.

## THE ASSERTED PATENT

15. U.S. Patent No. 10,890,925 B2 pertains to a leveling system for use with a vehicle, such as a recreational vehicle. In brief, a sensor device affixed to a vehicle is used to the calculate adjustments to be made to the pitch ("P") and/or roll ("R") of the vehicle. The sensor device communicates the calculated adjustment information wirelessly to a smart device, such as a smartphone. The end user may utilize the adjustment information provided to adjust the P and/or R of the vehicle to a level position.

16. Plaintiff is the owner of the '925 Patent and holds and owns all rights and interests in that patent, including the right to sue for past infringement. The '925 Patent is valid and enforceable.

17. On January 12, 2021, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '925 Patent entitled, "Vehicle leveling systems, devices and methods and computer program products for leveling vehicles using smart devices" to Command Electronics, LLC ("Command"). A true and correct copy of the '925 Patent is attached hereto as **Exhibit A**. Charles A. Leonard is the named inventor of the '925 Patent.

18. On December 23, 2021, Command and FBA entered into an Asset Purchase Agreement in which FBA agreed to purchase and assume from Command, all of Command's rights, titles, and interests, including all rights and interests in the '925 Patent, including the right to sue for past infringement, in exchange for valuable consideration. As a result of the sale, FBA acquired all rights to the '925 Patent from Command, free and clear of all encumbrances.

19. Accordingly, FBA is the sole owner of the '925 Patent and holds all rights and interests

in the '925 Patent, including the right to sue for past infringement. Further, the Asserted Patent is valid and enforceable.

20.  The '925 Patent Contains 20 claims. Claim 1 is independent; claims 2 – 9 depend directly or indirectly from claim 1. Claim 10 is independent; claims 11 – 14 depend directly or indirectly from claim 10. Claim 15 is independent; claims 16 – 20 depend directly or indirectly from claim 15.

21.  **Claim 1** of the '925 Patent reads as follows:

"A system for leveling a vehicle, the system comprising:

A sensor device secured to a vehicle to sense an inclination of the vehicle in both a pitch direction and a roll direction when the vehicle is parked on an uneven surface of the ground, the sensor device comprising a printed circuit board that includes:

a digital accelerometer that permits calculation in both the pitch direction and roll direction, and

a processor to process data collected by the digital accelerator; and

a smart device in wireless communication with the sensor device, the smart device including a display screen;

wherein, based on the inclination of the vehicle as sensed by the sensor device, at least one of the sensor device and smart device is configured to determine adjustment pairs, each adjustment pair including a height adjustment amount and a corresponding adjustment direction needed to level a respective section of the vehicle by movement of the respective section of the vehicle with respect to the uneven surface of the ground by the height adjustment amount in the corresponding adjustment direction;

wherein the display device of the smart device is configured to display at least one image representative of the vehicle and showing the respective sections of the vehicle and to simultaneously display the height adjustment amount and corresponding adjustment direction of each adjustment pair adjacent to each respective section of the vehicle shown in the at least one image; and

wherein the smart device is further configured to update the display screen, substantially in real time, as one or more of the height adjustment amounts are changed."

22.  The Renogy Wireless RV Leveling System infringes at least Claim 1 of the '925 Patent.

23.  **Claim 10** of the '925 Patent reads as follows:

"A method for leveling a recreational vehicle, the method comprising:

sensing an inclination of the recreational vehicle in both a pitch direction and a roll direction when the recreational vehicle is parked on an uneven surface of the ground;

based on the sensed inclination of the recreational vehicle, determining adjustment pairs, each adjustment pair including a height adjustment amount and a corresponding adjustment direction needed to level a respective section of the recreational vehicle by movement of the respective section of the recreational vehicle with respect to the uneven surface of the ground by the height adjustment amount in the corresponding adjustment direction;

displaying at least one image, representative of the recreational vehicle and showing the respective sections of the recreational vehicle, on a display screen of a smart device;

simultaneously displaying the height adjustment amount and corresponding adjustment direction of each adjustment pair on the display screen adjacent to each respective section of the recreational vehicle in the at least one image; and

updating the display screen, essentially in real time, as the height adjustment amounts are changed."

24. The Renogy Wireless RV Leveling System infringes at least Claim 10 of the '925 Patent.

25. **Claim 15** of the '925 Patent reads as follows:

"A non-transitory computer readable medium comprising computer executable instructions that, when executed by a processor of a smart device, control the smart device to perform steps comprising:

receiving a pitch angle measurement and a roll angle measurement of a vehicle from a sensor device secured to the vehicle when the vehicle is parked on an uneven surface of the ground;

based on the pitch angle measurement and roll angle measurement, calculating adjustment pairs, each adjustment pair include a height adjustment amount and a corresponding adjustment direction needed to level the vehicle by movement of the respective section of the vehicle with respect to the uneven surface of the ground by the height adjustment amount in the corresponding adjustment direction; and

displaying, on a display screen of the smart device, at least one image representative of the vehicle and showing the respective sections of the recreational vehicle;

simultaneously displaying, on the display screen of the smart device, the height adjustment amount and corresponding adjustment direction of each adjustment pair adjacent to each respective section of the vehicle in the at least one image; and

updating the display screen of the smart device, essentially in real time, as the height needed to adjust the vehicle to level the vehicle changes."

26. The Renogy Wireless RV Leveling System infringes at least Claim 15 of the '925 Patent.

**DEFENDANT'S INFRINGING CONDUCT**

27. On information and belief, Defendant makes, uses, sells, offers for sale and/or imports

a Renogy branded Wireless RV Leveling product called the "Renogy ONE Core," that infringes, either literally or under the doctrine of equivalents, one or more claims of the '925 Patent (the "Renogy Wireless RV Leveling System" or "Accused Product").

28. Defendant has had notice of its infringement by at least one letter mailed to Defendant on January 26, 2024 (the "Letter"). The Letter identified the Accused Product to Defendant, and stated grounds on which the Accused Product infringes one or more claims of the '925 Patent.

29. On February 7, 2024, in an email addressed to FBA's counsel, Defendant acknowledged receipt of the Letter and promised a response to the contents therein.

30. On February 8, 2024, FBA's counsel then received an email from Defendant's counsel stating that the Letter was provided to them for responding to. To date, FBA has received no response to the substance of the Letter.

31. Defendant has also had constructive notice of the existence of the Asserted Patent by USPTO pre-issue publication date, by USPTO issue date of the Asserted Patent, and at the very least by, the delivery of the instant Complaint.

32. Defendant has infringed and continues to infringe the claims of the '925 Patent instead of properly licensing the rights to practice the '925 Patent from FBA. Further, Defendant makes, uses, sells, offers to sell, and continues to sell and offer to sell, products that infringe the '925 Patent despite FBA's notifying Defendant of its Patent Infringement. Moreover, Defendant has generated revenue and profits as a direct result of its infringing activity. Defendant's infringement of the '925 Patent has directly and detrimentally affected FBA's business revenues, market share, good will, as well as its reputation. FBA has been, and continues to be, irreparably harmed.

33. Defendant sells a virtually identical product, the Renogy Wireless RV Leveling System, which directly competes with FBA's product and which practices at least one claim of the '925 Patent.

34. On its website, https://www.renogy.com/renogy-one-core/, Defendant depicts, describes, and offers for sale the Accused Product as follows:



35. The Accused Product is also offered for sale through Defendant's Amazon.com online storefront, https://www.amazon.com/Renogy-ONE-Core-All-one/dp/B0C2V3VX65/?th=1, which depicts, describes, and offers for sale the Accused Product as follows:



36. As disclosed in the '925 Patent, the Accused Product includes a sensor device, which uses accelerometers to determine the angle of the vehicle; a smart device wirelessly in communication

1  with the sensor device, the smart device displaying the gathered adjustment heights and directions
2  (each an "adjustment pair" Claim 1, 10, and 15) on a display screen to the user that updates in near
3  real time. The display device may show more than one adjustment pair on the display or may, bifurcate
4  the display of each adjustment pair into different views on the smart device.

5  37. In regard to claim 1, attached hereto as **Exhibit B** is a claim chart demonstrating that
6  the Accused Device infringes at least claim 1 of the '925 Patent literally, or under the doctrine of
7  equivalents.

8  38. Defendant continues to infringe the '925 Patent through its development, testing,
9  manufacture, promotion, and sale of the Renogy Wireless RV Leveling System.

10 39. Defendant has not obtained, nor does it have, any permission or license from FBA to
11 practice the '925 Patent.

## COUNT I – DIRECT INFRINGEMENT OF THE '925 PATENT

13 40. FBA incorporates and realleges all prior paragraphs of this Complaint as if fully set
14 forth herein.

15 41. Defendant has infringed and continues to directly infringe upon one or more claims of
16 the '925 Patent, either literally or under the Doctrine of Equivalents, by making, using, selling and/or
17 offering to sell in the United States and/or importing into the United States and exporting out of the
18 United States, one or more of Defendant's products including the Renogy Wireless RV Leveling
19 System identified in this Complaint. Defendant's infringing activities violates 35 U.S.C. § 271(a).

20 42. Defendant continued to infringe the '925 Patent despite having pre-suit knowledge and
21 despite having the requisite knowledge that its conduct constituted infringement of a valid patent.

22 43. Upon information and belief, Plaintiff alleges that Defendant has gained revenues by
23 virtue of its infringement of the '925 Patent.

24 44. FBA has sustained damages as a direct and proximate result of Defendant's
25 infringement of the '925 Patent.

26 45. FBA will suffer, and is suffering, irreparable harm from Defendant's infringement of
27 the '925 Patent. FBA has no adequate remedy at law and is entitled to an injunction against
28 Defendant's continuing infringement of the '925 Patent. Unless enjoined, Defendant will continue its

infringing conduct.

46. Defendant's infringement of the '925 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### COUNT II – INDIRECT INFRINGEMENT OF THE '925 PATENT

47. FBA incorporates and realleges all prior paragraphs of this Complaint as if fully set forth herein.

48. Defendant has indirectly infringed and continues to indirectly infringe upon one or more claims of the '925 Patent by actively inducing others to practice the '925 Patent, including but not limited to, inducing its end-users to use the Renogy Wireless RV Leveling System as intended and as claimed by at least Claim 10 of the '925 Patent. Defendant's infringing activities violates 35 U.S.C. § 271(b), either literally or else under the doctrine of equivalents.

49. Defendant has infringed and continues to infringe, under the Doctrine of Equivalents, one or more claims of the '925 Patent by using, selling and/or offering to sell in the United States and/or importing into the United States and exporting out of the United States, one or more of Defendant's products that infringe the '925 Patent, including those products identified in this Complaint.

50. Upon information and belief, Defendant's indirect infringement of the '925 Patent has been, and continues to be, intentional, willful, and without regard to FBA's rights.

51. Defendant's indirect infringement of the '925 Patent is and has been intentional, deliberate, and willful at least because Defendant had pre-suit knowledge of the '925 Patent through the Letter and direct or indirect communications with Plaintiff and/or because of its participation and sale of the Renogy Wireless RV Leveling System in the same marketplace in which Plaintiff sells its devices.

52. FBA is informed and believes, and on that basis alleges, that Defendant has gained revenues by virtue of its infringement of the '925 Patent.

53. FBA has sustained damages as a direct and proximate result of Defendant's infringement of the '925 Patent.

54. FBA will suffer and is suffering irreparable harm from Defendant's continued

infringement of the '925 Patent. Moreover, FBA has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the '925 Patent. Unless enjoined, Defendant will continue its infringing conduct.

55. Defendant's infringement of the '925 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, FBA prays for judgment as follows:

a. A judgement that Renogy has infringed one or more claims of FBA's Asserted Patent, directly and indirectly, literally or under the doctrine of equivalents;

b. An Order and judgement preliminarily and permanently enjoining Renogy, its officers, directors, agents, servants, employees, affiliates, attorneys, all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from infringing or inducing infringement of the Asserted Patent;

c. A judgement awarding FBA all damages adequate to compensate FBA for Defendants infringement of FBA's Asserted Patent, and in no event, less than a reasonable royalty, including all pre-judgement and post-judgment interest at the maximum interest rate permitted by law;

d. A judgement awarding FBA all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, in addition to prejudgment interest;

e. Actual damages suffered by FBA as a result of Defendant's unlawful conduct, in an amount to be proven at trial, in addition to prejudgment interest as authorized by law;

f. A judgement that this is an exceptional case and an award to FBA its costs and reasonable attorneys' fees incurred in this action, as provided by 35 U.S.C. § 285; and

g. Grant FBA such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable by right.

| | | |
|---|---|---|
| 1 | DATED: April 15, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ Laura Harper<br>Thomas H. Stanton, Esq. (pro hac vice to be filed) |
| 4 | | Paul Fraulo, Esq. (pro hac vice to be filed)<br>Joshua English, Esq. (pro hac vice to be filed) |
| 5 | | Laura Harper (SBN 341123)<br>BOCHNER PLLC |
| 6 | | 1040 Avenue of the Americas, 15th Floor<br>New York, New York |
| 7 | | (646) 971-0685 |
| 8 | | tstanton@bochner.law<br>*Plaintiff's Counsel* |